UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-CR-90-TAV-CCS |
| | ) |
| JOHNNY DEWAYNE THOMAS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant asks to serve the remainder of his sentence on home confinement, apparently requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 37]. However, contrary to his assertions, defendant has not demonstrated that he requested compassionate release from the warden of his facility, so he has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement. Because the exhaustion requirement is a mandatory prerequisite to considering the merits of his request, defendant's motion is **DENIED** without prejudice.

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018 amended § 3582(c)(1)(A) to modify one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on a motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's

sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. § 3582(c)(1)(A). If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.*

Defendant apparently requests relief under § 3582(c)(1)(A)(i). But the Court need not address whether extraordinary and compelling reasons exist warranting defendant's release because defendant has neither "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" nor waited thirty (30) days "from the receipt of such a request by the warden of defendant's facility" before bringing the instant motion. § 3582(c)(1)(A).

Defendant posits: "All administrative remedies have been exhausted . . ." [Doc. 37 p. 1] and, apparently in support, attaches various documents related to a Central Office

Administrative Remedy Appeal [*Id.* at 5–7].  His administrative appeal arose out of an incident in which he sustained physical injury as a result of a fall from a defective bunk [*Id.* at 5, 7].  According to the administrator, defendant alleged he "receive[d] inadequate and delayed medical care" after the fall and requested an investigation of medical staff and protocols, monetary compensation, and a sentence reduction [*Id.* at 5].  The administrator denied defendant's request and, with respect to his request for a sentence reduction, advised defendant: "Any issues regarding a sentence reduction being made on your behalf should be addressed with your unit team as the Administrative Remedy Program is not the appropriate forum for making this request" [*Id.*].

The administrator is correct.  Defendant requested a sentence reduction through the improper administrative channel, which is insufficient to satisfy § 3582(c)(1)(A)'s exhaustion requirement.  Distinct from the Administrative Remedy Program's procedures, which are set forth in 28 C.F.R. §§ 542.10–19, the procedures for requesting compassionate release are set forth in 28 C.F.R. §§ 571.60–64 and require that defendants seeking compassionate release submit a request to the warden.  *See* 28 C.F.R. § 571.61.  The record contains no indication that defendant submitted a request to the warden of his facility requesting a motion for compassionate release in compliance with 28 C.F.R. § 571.61.  Not having requested compassionate release from the warden pursuant to § 571.61, defendant has yet to take even the first step toward either "fully exhaust[]ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or having waited thirty (30) days "from the receipt of such a request by the warden of

3

defendant's facility." § 3582(c)(1)(A).  As such, he has not satisfied § 3582(c)(1)(A)'s exhaustion requirement.

Moreover, there is no indication that he pursued the claim he makes in the instant motion, that is, that he is entitled to relief in light of the COVID-19 pandemic and the potentially fatal risk the virus poses given his medical condition, in any administrative forum, proper or improper. *See United States v. Girod*, No. 5:15-087, 2020 WL 191242, at *3 (E.D. Ky. Apr. 21, 2020) (denying defendant's § 3582(c)(1)(A) motion where the grounds for relief sought in the motion (i.e., the possibility that defendant might contract COVID-19 if not released) were not included as grounds for relief sought in prior administrative proceedings).  As the Sixth Circuit has suggested, the exhaustion requirement promotes "an orderly system for reviewing compassionate-release applications" and does not "incentivize[] line jumping." *United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020).  It also "ensures that the prison administrators can prioritize the most urgent claims" and "investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Id.* at *4.  Because defendant apparently has not submitted a request for compassionate release to the warden, the warden has yet to consider defendant's request and evaluate the conditions supporting his release offered here.  As such, the Court's consideration of defendant's motion would disrupt the orderly system Congress established for evaluating compassionate release requests.

4

For these reasons, the Court finds that defendant has not satisfied the exhaustion requirement, which is a prerequisite the Court lacks the authority to waive. *See id.* at *2–3. Accordingly, defendant's motion [Doc. 37] is **DENIED** with leave to refile upon his satisfaction of § 3582(c)(1)(A)'s exhaustion requirement.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE